IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MIKE REDFORD,

            Plaintiff,

v.

GWINNET COUNTY JUDICIAL
CIRCUIT and RICHARD
ALEXANDER, JR., Superior Court
Clerk,

            Defendants.

1:14-cv-3226-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiff Mike Redford's ("Plaintiff") Objections [4] to Magistrate Judge Janet F. King's Final Report and Recommendation [2] ("R&R"). Also before the Court is Plaintiff's Application to Appeal *in forma pauperis* ("IFP Appeal Application") [6].

### I.  BACKGROUND

This action is the latest in a series of filings by Plaintiff related to his efforts requesting that this Court investigate his claims that various individuals—including judges, police officers, and unnamed defendants—allegedly violated his constitutional rights, deprived him of access to the courts and educational

opportunities, refused to investigate the alleged abuse of his children, and engaged in judicial misconduct.

On October 7, 2014, Plaintiff, a prisoner incarcerated in the Douglas County Jail in Douglasville, Georgia, and proceeding *pro se*, filed his Complaint [1]. Plaintiff, in his Complaint, asserts claims for a violation of his constitutional rights and his right to access the courts, that "Defendants"[1] are covering up crimes against his children, and that a clerk in the Georgia Supreme Court, Ms. Theresa Barnes, "illegally den[ied] all appeals to that Court, terminations of Plaintiff's bar admission exam, job opportunities, contracts, law school and other educational activities." (Compl. at 1). Plaintiff appears to seek an investigation of these purported claims. (Id.).

On October 15, 2014, the Magistrate Judge recommended that the Court deny Plaintiff *in forma pauperis* ("IFP") status and dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(g) because Plaintiff, while incarcerated, previously

---

[1] The Court notes that Plaintiff names Gwinnett County Judicial Circuit and Richard Alexander Jr., Superior Court Clerk (together, "Defendants"), as the only Defendants to this action. Plaintiff does not assert any factual allegations or claims against Defendants and instead merely lists them as Defendants in the caption of the Complaint.

filed at least three (3) civil actions that have been dismissed as frivolous, malicious, or for failure to state a claim.[2]

On October 23, 2014, Plaintiff filed his Objections to the R&R.

On October 28, 2014, Plaintiff appealed [5] the Magistrate Judge's findings and recommendations in the R&R.  His appeal was docketed in the Eleventh Circuit as Case No. 14-14628 (the "Appellate Action").  That same day, Plaintiff also filed [6] his IFP Appeal Application in this Court.

On November 24, 2014, the Eleventh Circuit denied [10] Plaintiff's IFP Appeal Application and ordered him to pay the district court fees within fourteen (14) days.  The Eleventh Circuit informed Plaintiff that a failure to pay the fees in the district court would result in dismissal of his appeal "without further notice by the clerk."  (See [10] at 8).

On January 16, 2015, the Eleventh Circuit Clerk of Court dismissed [12] Plaintiff's appeal for failure to pay the required fee in the district court and failure to prosecute.

---

[2] The Magistrate Judge also found that Plaintiff does not identify a specific Defendant whose actions are placing him in imminent threat of serious injury, as to support an exception to the "three strikes" provision under 28 U.S.C. § 1915(g).

## II.  DISCUSSION

### A.  Legal Standard on Review of an R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which a party has not asserted objections, the district judge must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

Plaintiff's Objections do not address the Magistrate Judge's reasons for dismissing the Complaint, and instead assert generic arguments about his right to access the courts.  These are not valid objections and the Court will not consider them.  See Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections

4

need not be considered by the district court.").[3]  As Plaintiff has not objected to the Magistrate Judge's specific findings and conclusion, the Court reviews the Magistrate Judge's determination for plain error.  See Slay 714 F.2d at 1095.

B.   Analysis

Section 1915(g) of Title 28 prohibits a prisoner from proceeding IFP if the prisoner has

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Plaintiff, while incarcerated, has brought at least three (3) actions that were dismissed as frivolous,[4] and Plaintiff has not established that he is under imminent danger of serious physical injury.  The Magistrate Judge recommended that Plaintiff's IFP Complaint be dismissed without prejudice

---

[3]  To the extent Plaintiff asserts that "Judge King erred by not considering his case under imminent threat of serious injury as alleged because he was poisoned twice when he went to Court in Gwinnett County Superior Court," Plaintiff does not offer any evidence in support of this allegation, and he fails to show how this alleged "poisoning" is related to the allegations in his Complaint.  (Obj. at 1).  Because Plaintiff's general allegation lacks particularity and factual support, the Court finds that this is not a cognizable objection to the findings and recommendations of the Magistrate Judge.  See Mardsen, 847 F.2d at 1548.

[4]  See Redford v. Lewis, 1:04-CV-1636-WBH; Redford v. Hamil, 1:04-CV-933-WBH; Redford v. Gwinnett County Judicial Circuit, 1:02-CV-2739-WBH; Redford v. Unnamed, 1:14-cv-2724-WSD; and Redford v. Judge James, 1:14-cv-2043-WSD.

because it is barred by Section 1915(g).  See 28 U.S.C. § 1915(g);

Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).  The Court finds no plain error in the Magistrate Judge's findings or recommendation.[5,6]

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Objections [4] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [2] is **ADOPTED**.  The Court **DENIES** permission

---

[5] The Court also notes that, even if Plaintiff's case was not barred by 28 U.S.C. § 1915(g), where a plaintiff identifies a defendant in the caption of his complaint but fails to allege any specific injury or legal violation committed by that defendant, the plaintiff fails to state a plausible claim for relief that would allow the court to reasonably infer that the captioned defendant is liable to plaintiff.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Cook v. Suntrust Mortgage, Inc., No. 10-cv-660-WSD, Doc. 4 at 2, n.1 (N.D. Ga. Apr. 26, 2010) (dismissing defendants in part because the complaint only mentioned defendants in the caption but did not allege any facts to support a claim for liability).  Plaintiff identifies Defendants only in the caption of the Complaint and does not assert any factual allegations or claims against them.  Plaintiff's Complaint is required to be dismissed for this additional reason.  See 28 U.S.C. § 1915(e)(2)(B)(ii) (providing that the Court must dismiss a case where the complaint is frivolous, malicious, and fails to state a claim on which relief may be granted); see also Iqbal, 556 U.S. at 678.

[6] Because the Eleventh Circuit has dismissed the Appellate Action, the Court denies Plaintiff's IFP Appeal Application as moot.

for Plaintiff to proceed *in forma pauperis*. This action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Application to Appeal *in forma pauperis* [6] is **DENIED AS MOOT**.

**SO ORDERED** this 24th day of August, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE